UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MURRAY, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCELZI ENTERPRISES, INC., a California corporation,<br><br>Defendant. | No. 1:18-cv-01492-NONE-SKO<br><br>ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE TO THIS MATTER AND CLOSE THE CASE<br><br>(Doc. 32) |

On April 22, 2020, Plaintiff filed a "Joint Stipulation to Allow Plaintiff to Dismiss Class Allegations Without Prejudice and for Dismissal of Plaintiff's Remaining Individual Claims Without Prejudice to Allow for Re-Filing in State Court." (Doc. 32.) The stipulation provides that, pursuant to Federal Rule of Civil Procedure 41, Plaintiff dismisses his class claims without prejudice, and also dismisses his individual and PAGA representative claims without prejudice to allow for re-filing in state court.[1] (*Id.* at 4.)

---

[1] The parties also alternatively request that, if the Court does not allow Plaintiff to dismiss his individual and PAGA claims without prejudice, that the Court allow Plaintiff to file an amended complaint asserting only the individual and PAGA claims. (*Id.* at 4.) The Court deems the stipulation an effective stipulation of dismissal under Rule 41 as to all claims in the operative pleading, and Plaintiff has accordingly dismissed all claims in the first amended complaint without prejudice.

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Because the parties have filed a stipulation for dismissal of Plaintiff's claims without prejudice under Rule 41(a)(1)(A)(ii) that is signed by all whom have made an appearance, this case has terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii), and Plaintiff has dismissed his class, individual, and PAGA representative claims asserted in this action without prejudice.

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court SHALL assign a district judge to this matter and thereafter CLOSE the case.

IT IS SO ORDERED.

Dated:   **April 23, 2020**                              /s/ *Sheila K. Oberto*
                                                                             UNITED STATES MAGISTRATE JUDGE